UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-22467-CIV-ZLOCH

ROSA DIAZ,

     Plaintiff,

v.

GRANDAD ELDERLY CORP., a Florida
Corporation, and JULIA D. CARDERO,
individually,

     Defendant(s).

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COME NOW, Defendants, GRANDAD ELDERLY CORP. ("GRANDAD") and JULIA D. CARDERO ("CARDERO"), by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof, state as follows:

1. It is admitted that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"). All other allegations and inferences in Paragraph 1 are denied.

2. Defendants are without knowledge as to the allegations in Paragraph 2.

3. It is admitted that the Defendant Corporation GRANDAD is a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida. All other allegations and inferences are denied.

4. It is admitted that Defendant CARDERO is a Florida resident and the owner/director of GRANDAD. All other allegations and inferences in Paragraph 4 are denied.

## <u>GENERAL ALLEGATIONS</u>

5.      Admitted.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

## <u>COUNT I:</u>
## <u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION OF 29 U.S.C. §207(a)(1)</u>
## <u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

15.     Defendants adopt their responses to the allegations in Paragraphs 1 through 14 as if fully set forth herein, or otherwise deny the allegations.

16.     Defendants admit that Plaintiff purports to bring this action under the provisions of 29 U.S.C §201 *et seq*. All other allegations and/or inferences derived from Paragraph 16 are denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.    Denied.

23.    Paragraph 23 sets forth damages calculations to which no response is required. To the extent a response is required, all allegations and/or inferences derived from Paragraph 23 are denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Defendants admit that Plaintiff purports to recover unpaid overtime wages.

30.    Defendants admit that Plaintiff has retained counsel to represent her in this action. All other allegations and/or inferences derived from Paragraph 30 are denied.

**COUNT II:**
**FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE**
**PROVISIONS, 29 U.S.C. §206; AGAINST ALL DEFENDANTS**

31.     Defendants adopt their responses to the allegations in Paragraphs 1 through 14 as if fully set forth herein, or otherwise deny the allegations.

32.    Defendants admit that Plaintiff purports to bring this action under the provisions of 29 U.S.C §201 *et seq*. All other allegations and/or inferences derived from Paragraph 32 are denied.

33.    Denied.

34.    Denied.

35.    Paragraph 35 sets forth recitations of law to which no response is required. To the extent a response is required, all allegations and/or inferences derived from Paragraph 35 are

denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Paragraph 40 sets forth damages calculations to which no response is required. To the extent a response is required, all allegations and/or inferences derived from Paragraph 40 are denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants admit that Plaintiff purports to recover unpaid minimum wages.

47.     Defendants admit that Plaintiff has retained counsel to represent her in this action. All other allegations and/or inferences derived from Paragraph 47 are denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense.** Plaintiff fails to state a claim for which relief can be granted. The Complaint fails to set forth enough facts in order to support a claim for intentional violations or violations committed with reckless disregard. The Complaint also fails to state a cause of action for overtime pay and minimum wages. There are no specific allegations pertaining to work in excess of 40 hours per week and no inference can be made that Plaintiff is entitled to overtime pay or minimum wages.

**Second Affirmative Defense.** Plaintiff, ROSA DIAZ, was properly compensated for all hours worked.

**Third Affirmative Defense.** Plaintiff is not similarly-situated to any other individual.

**Fourth Affirmative Defense.** This action is barred or limited by the *de minimus* doctrine, 29 C.F.R. § 785.47.

**Fifth Affirmative Defense.** Any claims for overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including, a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

**Seventh Affirmative Defense.** The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which she performed no work, including, vacation and/or sick leave, worker's compensation leave, or otherwise was absent from the workplace during the work week, including, during holidays, missing meetings and other functions attended voluntarily.

**Eighth Affirmative Defense.** Defendants acted in good faith reliance upon, and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing they were not in violation of the FLSA.

**Ninth Affirmative Defense.** Any acts or omissions with regard to its pay practices of Plaintiff were taken in good faith upon a reasonable belief that such pay practices complied with the FLSA; accordingly, liquidated damages are not appropriate.

**Tenth Affirmative Defense.** Defendant, JULIA CARDERO's liability is derivative to that of the corporate Defendant. The corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

**Twelfth Affirmative Defense** Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

**Thirteenth Affirmative Defense** Plaintiff's claim is precluded in whole or in part by judicial estoppel.

**Fourteenth Affirmative Defense** Defendants are not liable for hours which Plaintiff failed to report or hours which were not known to have been worked by Plaintiff.

**Sixteenth Affirmative Defense** Any claims for minimum wage compensation by Plaintiff must be off-set the reasonable value of meals and/or other facilities furnished by Defendant as wage as defined in 29 U.S.C. § 203(m).

**Seventeenth Affirmative Defense** Plaintiff DIAZ may not recover both liquidated damages and prejudgment interest under the FLSA.

**Eighteenth Affirmative Defense** Plaintiff is not an employee of Defendants, in that she was an independent contractor, Defendants did not control her work, Plaintiff risked loss, worked for other companies, were not economically dependent upon Defendants, provided her own tools, and supplies, offered her services to the public, procured licenses for her activities and was paid based on a formula for the agreed upon task.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Zandro E. Palma, Esq. of Zandro E. Palma, P.A., 3100 S. Dixie Hwy, Suite 202, Miami, Florida 33133, on this 23rd day of July, 2015.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce de Leon Boulevard
Suite 902
Coral Gables, Florida  33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: _s/Edilberto O. Marban_
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960